**Real Resources, Inc. v. Spangler**

*Gerald E. Ruth,* for petitioner.
*E. Nelson Read,* for respondent.

SHADLE, J., January 10, 1973.—We here plow new ground under section 916 of the Pennsylvania Municipalities Planning Code of July 31, 1968, P. L. 805 (No. 247), 53 PS § 10916, which provides as follows:

"Upon filing of any proceeding . . . [for an appeal from a zoning officer, to challenge the validity of an ordinance or map, or for a variance or special exception] and during its pendency before the board all land development pursuant to any challenged ordinance, order or approval . . . and all official action thereunder shall be stayed . . . . When an application for development, preliminary or final, has been duly approved and proceedings designed to reverse or limit the approval are filed with the board by persons other than the applicant, the applicant may petition the court having jurisdiction of zoning appeals to order such persons to post bond as a condition to continuing the proceedings before the board. The question whether or not such petition should be granted and the amount of the bond shall be within the sound discretion of the court."

Petitioner has filed a petition to compel respondent to post such a bond, a rule was granted thereon and argument was had before the court.

Petitioner proposes to construct in Springettsbury Township a planned development of structures at a cost in excess of $3,000,000. It performed certain preliminary work in preparing and planning for the project. On May 24, 1972, the township planning commission approved the project after a hearing. Thereafter the township supervisors apparently held a number of public meetings at which opposition was expressed by township residents. On September 7, 1972, petitioner applied for a building permit based on the planning commission approval, and such permit was refused.

On November 10, 1972, the township supervisors formally adopted some type of resolution directing that the building permit not issue. This was promptly followed by action of the township supervisors on November 21, 1972, directing that the permit issue, which, in fact, was done on November 22, 1972. On December 11, 1972, respondent appealed from that action to the township zoning hearing board, where the matter remains.

These facts bring the situation squarely within the purview of section 916 of the code, supra. Petitioner contends that unless a *finally* approved building permit is obtained by February 1, 1973, it will lose certain financing commitments required to be exercised by that date, causing abandonment of the project. It, therefore, prays that "as a condition to continuing the proceedings before the board," respondent be required to post a bond of $500,000 to cover over $88,000 of expenses incurred to date, $300,000 loss of anticipated profits from the project and future expenses.

Although the language of the code is frustratingly cryptic, we construe it to intend that the bond indemnify the applicant from such loss as may be incurred as a direct and proximate result of the delay incident to disposing of the appeal instituted by his opponent in the event that such appeal shall not be finally sustained. Respondent argues that there should be covered only such delay as results while the appeal is pending before the zoning hearing board, and not during any further appellate proceedings thereafter, noting that the courts to which any subsequent appeals are taken might condition such appeals upon additional bonds. However, it is our opinion that the continuance of the proceedings initiated before the board should be conditioned upon a bond covering any loss resulting during the full and final determination

of such proceedings. Any other interpretation could result in an attempt at piecemeal determination of losses recoverable from a number of bonds during the pendency of a conceivable four appeals in the entire appellate process.

On the facts here involved, a determination of the amount of the bond by ascertaining the potential losses to be covered becomes virtually insoluble. It seems clear that respondent should not be chargeable with expenses incurred by petitioner prior to the date the former filed his appeal. He was not legally responsible for any earlier delay by the township in finally issuing the building permit. On the other hand, should it eventually be proved to be a fact that the project became entirely frustrated by delay resulting from the appeal, it would be arguable that respondent's appeal caused the waste of all funds invested in preparing and processing the project. The same perplexity surrounds petitioner's claim for indemnity for loss of anticipated profits. It ought to be protected for profits it may be able to prove were lost as a result of respondent's appeal should it fail. Yet it is nearly impossible now to predict whether the development will, in fact, be profitable and to what extent, and whether any loss thereof will be due to respondent's delaying action rather than a myriad of other causes.

The legislature intended the court in some fashion to balance the equities and hardships between the parties. The developer of a large and expensive project should be protected against what might be huge losses from delay caused by a single person in pursuing what later proves to be an utterly frivolous appeal. On the other hand, such an objector cannot, in effect, be denied even his right to be heard on what may be a perfectly justified appeal by a bond the amount of which may be utterly beyond his means. Obviously,

we express no opinion whatever on the merits of the application or the appeal in this case.

We are consoled by the fact that our order directing the posting of a bond and fixing the amount thereof in no way establishes any liability or right to recover. Petitioner's project may not be aborted, and petitioner may not in fact suffer any loss by delay incident to the appeal. If a loss is claimed, causation must be established and the amount thereof must be properly proved. Either party may abandon the proceedings at any stage. Finally, we perceive of nothing to prevent either party from applying in the future for an increase or reduction in the amount of the bond in the light of the facts then existing.

After carefully considering all the issues referred to and all facts now before us, we conclude that respondent should post a bond in the amount of $50,000.

## ORDER

And now, to wit, January 10, 1973, it is ordered that as a condition to continuing the proceedings before the Springettsbury Township Zoning Hearing Board on the appeal by the respondent herein from the grant of the building permit to petitioner herein, respondent shall file with the prothonotary of this court by January 16, 1973, at 4 p.m., a bond with corporate surety in the amount of $50,000, for the use of petitioner, conditioned that in the event that respondent's appeal is not finally sustained after full and final determination of the same, respondent shall pay to petitioner all damages which it may incur as a direct and proximate result of the delay incident to said appeal and the determination thereof; and, in default of such filing, said proceedings are hereby discontinued with prejudice to the respondent. Exceptions are noted for both parties.